May it please the Court. My name is Anne Wallstrom. I'm an attorney with the Federal Defenders of Eastern Washington and Idaho, and I am here today on behalf of Mr. Cruz-Serrano. I would like to reserve one minute for rebuttal time. In this case, Mr. Cruz-Serrano pled guilty to the charge of illegal reentry after deportation. He was subjected to a 16-level enhancement after the District Court determined that he had been convicted of a previous conviction of a crime of violence, an attempted residential burglary conviction under Washington State. In this matter, the District Court determined that categorically this crime was not a crime of violence under this Court's decision in Wenner. The government agrees that the District Court made the proper conclusion in finding that this categorically was not a crime of violence. The issue, therefore, in this matter is whether the District Court properly applied the modified categorical approach and what documents or judicially noticeable facts unequivocally established whether or not Mr. Cruz-Serrano was convicted of a crime of violence. And secondly, even if the District Court did properly apply the modified categorical approach, whether, in fact, the judicially noticeable facts that the Court relied on unequivocally established that Mr. Cruz-Serrano's previous conviction was for a crime of violence. This case is a bit unusual in that the plea to the charge was an Alford plea, right? That does make this case unusual, Your Honor. With an Alford plea, as the Court is aware, there's an inherent and part of the Alford plea is that the defendant is retaining the right to say that I am innocent to this charge. And so even though the police reports were stipulated and used in this charge, there is a distinction and a difference in this case because of the fact that it's an Alford plea. And that brings me to the case of United States v. Smith, which the government submitted yesterday, which was decided by this Court on Friday. In that case, the Ninth Circuit determined that in a no lo contendere or no contest plea, the Court could nevertheless look at the police reports or the summary of the facts stated by the prosecutor. If your client had entered a standard plea of guilty and engaged in a plea colloquy and admitted the elements of the offense, would we be here? I think the case would be different in that case, Your Honor, if he admitted everything. However, in this case — Doesn't an Alford plea do that? The Alford plea has the same effect as a guilty plea. That's what I understand an Alford plea to be. The defendant stands up and says, Your Honor, I am innocent. But I have gone over the facts, and I believe — and the government's proof, and I believe the government can prove me guilty beyond a reasonable doubt to a jury, and I want the benefit of a plea as opposed to putting the court through a trial and risking sentencing enhancements. Do I have it about right? I think you do, Your Honor. I think you do. So when the — when a defendant in an Alford plea admits that the government can prove every element of the crime, why isn't that, for our purposes, the same thing as having done a standard plea admitting the elements? Your Honor, in this case, Mr. Cruz-Rana did not admit to every element being proven. And what we look at when referring to United States — Did he say that there is an element of the crime I think the government can't prove? Yes, he did. His — He can't, right? Exactly, Your Honor. And then the question becomes, he said — the attorney says he's entering an Alford plea because he doesn't want to admit to intent. That's right. But he admits to all else. And then you go back to his plea where he uses the term residence, which seems to be the linchpin here. If you can pin it to a residence, then the whole case goes away. So why, even if he's one step between an Alford plea and a regular plea, but he qualifies it in a way that doesn't implicate the word residence, why can't we just look to that under Smith and the other cases and say, well, the thing that we're most — that we have a question about, he clearly admitted to? I think in the briefings, the linchpin was set up to be whether or not this was a residence, but I think the intent actually is just as important. If you look at Smith, what happened in that case was it was a no-contest plea, and the Court looked to the abstract of the judgment, the statute of conviction, and the change-of-plea colloquy, the change-of-pleas transcript. In that case, the Court determined that intent had been proven looking to the statute, the elements of the offense. In this case — and then the question then was whether or not he had entered into a residence defined under the Federal definition of burglary. In this case, the — we have the amended information which states that a person had to enter a residence or unlawfully remain with intent to commit a crime. In this matter, then, at the change-of-plea colloquy, Mr. Cruz-Serrano specifically states, I deny that I had the intent to commit a crime. And when we look at Smith as well as Hernandez-Hernandez, what the Court is relying upon is the stipulation by the attorney that we can rely upon these facts. And I see the — But maybe I'm seeing it a little more simply, and that is what we really look to is was there a conviction. And here we have a conviction, correct? Yes, Your Honor. But normally we don't look inside that conviction. We say got a conviction, translates into the Federal system, sorry, you're out of luck. But when it translates ambiguously as to what he was convicted for, then we can look behind it under the modified categorical approach. The only question that comes up that causes a disjunction with the Federal law and the State law is whether it's a residential burglary, correct? I believe the other disjunction, though, is that Mr. Cruz-Serrano did not admit that he had the intent. No, but he has a conviction. You can't undo his conviction, correct? We can't undo his conviction. And he's been convicted for what crime? Attempted residential burglary, to which he entered an Alford plea and stated, I wish to plead guilty. And the one element that is in contest here is whether or not he had intent. Well, I guess I just see it a little differently because I thought the real issue as to whether you could translate it between the State and the Federal was the residential issue, not the intent issue. That is also an issue, Your Honor, and that was the focus of the briefs. Under Smith, this Court is bound by Smith. And in that case, what happened, the prosecutor set forth the factual allegations and then the defense attorney was asked whether or not she would like to comment. So your position is that it was up to the judge at the time of sentencing to require Cruz-Serrano to either admit to the intent element or refuse his plea? No, that is not my position, Your Honor. Under — I had a — last night I was reviewing Alford pleas in Washington State, and in State v. Newton, which was decided in 1976, Washington State adopted the Alford pleas. And in order to accept an Alford plea, the judge does not have to be convinced beyond a reasonable doubt that the defendant is guilty, just that there's a reasonable belief that a jury could consent. Here's my point, and it may not bear directly on this case, but if a person attempts to enter an Alford plea but reserves an element, says, I agree the State can approve elements 1, 2, 4, and 5, but not 3, can the court accept the plea? Yes, Your Honor. The court can accept the plea. It's been found that a court can base the plea on things other than admissions by the defendant. Let me go back to the residence issue, or I actually should say the dwelling, the house.  You know, that there was a house in a residence, that that doesn't qualify then as a crime of violence under the Federal law? No. Well, with the Court's decision in Smith that was recently decided, we have to try to distinguish it then from Smith and what can be considered in this case. And first of all, our position is that the attorney's offhand comment that it's not an Alford plea, it was more of a mitigation comment that he was in the house. And then the judge's comment that, well, supposedly this is an apartment, and to that the government states that Mr. Cruz-Serrano should have objected at that point. Well, our position is that, first of all, he did not have to make such an objection with an Alford plea. And secondly, that those are not factual admissions, nor were they stipulations, which was relied upon in Hernandez and as well as Smith, that the parties had stipulated and agreed to those facts. But it says he was in a home, an apartment, or a home on such and such 12th Avenue. So isn't that doesn't that give it the component that the government needs to place it, not in a warehouse and not in all these other things that cause problems with the Washington statute? I see that I've gone over my time. If the court finds that this is a stipulated admission that falls under Smith or Hernandez, Hernandez, then I believe, yes, it does meet the requirement of a residence. However, our position is that this was not a stipulated fact by either party, and it was more of an offhand comment to the judge made to Mr. Cruz-Serrano more in the course of determining whether Mr. Cruz-Serrano understood what an Alford plea was and whether he intended to enter an Alford plea. Thank you for your argument. We'll give you a little bit of time for rebuttal if you feel it's necessary. Thank you. We'll hear from the State at this time, the United States at this time. Ms. Kirk. Thank you, Your Honor. Jane Kirk on behalf of the United States. Good morning. I would like to draw the Court's attention to the United States v. Smith, 2004, Westlaw 2756804 that was decided on Friday. And it clearly, I believe, supports our case. Can you do a gum sheet when you're done today? You know what that is? No, I'm sorry. See the clerk, and you'll fill out a form and write down the citation of the case and give a copy to your opponent. I gave a copy to my opponent yesterday, and I sent it, a letter to the Court. You sent in a 28-J letter? Pardon? You sent in a 28-J letter? Yes.  That's good enough. Thank you. Do you know what the difference between the cases is the fact that we have different states involved? Now, in Washington, a criminal conviction, well, a conviction based on an Alfred plea can't be used either for the base of collateral estoppel or base judicata. California, I believe, and I haven't researched this again since Friday, but that's my recollection based on other cases we've had, it can be. So there seems to be a difference between the two states on how they treat the effect of an Alfred plea or Alfred type of plea. Do you have any insight on that? Your Honor, I don't. I don't. Smith doesn't say he didn't rely on that. I understand that. But you don't know if there's any, what differences there might be or what the significance of that might be? No. And maybe I'm pointing out my ignorance, but I didn't see that in the briefing either, that the defendant, the appellant was hanging his argument on his, that it was an Alfred plea. I just saw in the briefing that it was on the issue of whether or not this was a dwelling, a residence, a home, not whether his Alfred plea, he didn't admit to it. Well, I thought it was subsumed into the argument about whether these documents were judicially noticeable or not. And that, I mean, typically in these cases, we look to see what admissions the defendant made. And here it seems to me we have maybe three at least sub-issues. One, were they the kinds of, because the attorney said them and not the defendant, were they the kind of admissions that qualify under Hermandis-Hermandis? Two, because it's a, what effect, if any, did the police reports have and do they come in or are they judicially noticeable? And three, what's the effect of the Alfred plea as a judicial admission? Your Honor, and. There may be more, but those are kind of the ones that I looked at. Just on the narrow question of whether these are judicially noticeable documents within the Taylor document. And, Your Honor, I believe that United States v. Smith answers all of these, that in Smith, the attorney made comments about the intent, that that was the only issue. They were reserving out the intent to, that that's what was being reserved out. And it was those comments that the court, this court relied on when it found that, in fact, it was a prior crime that qualified as an armed career criminal crime. That they were relying on the attorney's statements at the plea hearing. As to police reports, also in Smith, there at four, there is the statement that the district court may rely on the undisputed factual basis as stated at the plea hearing to support the Armed Career Criminal Act enhancement. That's different from relying on a police report that's not in the record, though. Well, in this case, the police report was admitted into evidence. The Supreme Court's taking that question up in Shepard, as you probably know. And I believe, if I'm not mistaken, they've stated a mandate in Smith pending the decision in Shepard. And I'm totally unaware of that. But I think that Shepard is different. My recollection of Shepard was the police, that the court went to the police reports and that there was no indication that the police reports were part of the record. And so, and here, in fact, the defense attorney acknowledged, he was the first one to mention that the police reports would be offered as evidence and, in fact, were. And then there's the statement of the prosecutor, which talks about a defendant entering a house. And that is also in the transcript. So we have all those facts that are different. And I think, I don't think that this Court needs to wait for Shepard to come down because the police reports were part of the record, plus the fact of the defense attorney's statement that he went into a house, plus the fact that the court mentioned you're pleading guilty, you're pleading, you're entering an Alford plea to entering into a home, an apartment. And at that point, there should have been a, wait a minute, no, I'm not. I'm entering an Alford plea to getting into a fenced-in area, if that's what it was, into a storage unit, if that's what it was, not into an apartment. I don't think the Court could accept even an Alford plea if he didn't even admit that he was going into a house. To a house. Well, he could accept it because residence has a broad definition in Washington, does it not? Yes, it does, Your Honor. So he wouldn't have to say I'm going into a house to have a legitimate Alford plea, would he? If that was his issue, but that was not his issue. His issue was intent, as stated by his attorney. I know. But in order for the Federal court to rely on that conviction, even if that wasn't his issue, that needs to be established in the record that it was a house or apartment, doesn't it? Yes, Your Honor. So let's leave out the police report just because it seems to be smack in the middle of too many disputed cases, or at least cases on cert. What would we look to, in your view, to document whether or not there's an admission on house or apartment, an admissible admission? We would look to the defense attorney's statement at the beginning of the hearing where he said there's no doubt whatsoever about him, the defendant, being in the house. Why is that? I know the general theory is that's binding, but we've never gone that far, I think, in the cases. Hernandez didn't go to that. And we – Hernandez was amended to specifically clarify that the statements in the brief were not those relied on as traditionally noticeable statements. So I have trouble with the fact if the defendant's not personally agreeing to the statement. Go ahead. Yes. Hi. Your Honor, if you look at the cases that Hernandez-Hernandez relies upon, the cases are statements by attorneys in court. The statement that in one case the defendant was bound by his counsel's argument in closing argument. And in another case, stipulation during trial. So those are statements solely of the defense attorney during proceedings. And I think that it flows well into this case. And the second thing I would rely on, if you're taking out the police reports, where the court was addressing the defendant and saying to the charge of attempted residential burglary, and then he goes on, the judge goes on to say involving a home at 1704 South 12th Avenue, number 11, it must have been an apartment. At that point, and where the defendant says, yes, he is pleading guilty, he's entering an Alford plea to that charge, at that point, if it wasn't, he should have said no. I mean, I guess he could say, yes, I'm entering an Alford plea, whatever that is. But I also am not agreeing to that stuff. I mean, the question is, what is he answering yes to? In hindsight, I would have preferred it to be two questions. But I think in context, when you take all this together with his attorney's statement, and then also the statement of facts by the prosecutor later in this whole proceeding, where he talks about going into the house of the victim, and that the defendant was found in a closet, during that factual statement, there's no mention of a storage unit or anything else that would qualify, that would make this not a residence. And there would have to be some factual basis for it to be anything but a home, and there's nothing. I mean, you're not, are you arguing that the prosecutor's argument should be taken as a judicially noticeable fact? I don't think you're going that far, right? No. But. But here you have a defendant who doesn't speak English. And before all this, you have, the court says, do you understand what an Alford plea is? And his counsel says, well, we talked about not pleading, not pleading guilty, what we talked about with the other interpreter, whatever that means. And the court says, do you understand that? And he goes on to the charge of attempted residential burglary, blah, blah, blah. What is your plea? An Alford plea of guilty, is that what you're doing? And the defendant says, yes. I mean, that's different from admitting to the facts, at least, politically. In the context, it may not make a difference in this case, but we've done a lot of sloppy, as you know. I mean, you folks do a good job in federal court, and you're very careful about it, but a lot of times in state court, they aren't quite as careful about getting recognition, and they are bound by our rules of criminal procedure either. So sometimes it's difficult to discern what the defendant's really pleading guilty to. Roberts. Do you have a quick response? I can't argue with that, Your Honor. Okay. Thank you for your argument, counsel. We'll hear rebuttal at this time. Ms. Wahlstrom. Thank you, Your Honor. We would ask the Court to find that relying on the police reports is an extension of the modified categorical approach, which has not been supported by the case law of this circuit. We'd also ask the Court to find that relying upon the judge's statement about the resident to be an inappropriate extension of the modified categorical approach as well. This was an offhand statement, and as the Court pointed out, it's not clear that Mr. Cruz-Serrano agreed with the Court's characterization of the address. We'd also ask the Court to find that the statement by the prosecutor and the argument by the prosecutor cannot be considered to be a judicially noticeable fact that can be relied upon in the modified categorical approach. We'd also ask the Court to look at the reasoning of the dissent in Hernandez-Hernandez. It points out the problems that state courts might have if everything that comes in during a state court proceeding can be considered to be a judicially noticeable fact. And I'm out of time. Thank you very much. I'm looking at the document on the Statement of Defendant Plea of Guilty, the handwritten document. You're familiar with that. And it says, although it's signed by a translator, and he signs it himself, but the translator puts it on, on or about August 10th, 2001, I entered a residence unlawful or remained unlawfully in a residence where I had no right to be. Although I did not intend to commit the crime, I still want the Court to accept my plea, et cetera, et cetera. Why isn't that enough to satisfy the element of an entry in a residence? That is not enough under the reasoning of United States v. Wenner, which found that the Washington statute for residential burglary was overbrought because the definition of dwelling in Washington also includes building or structure normally used for someone to reside in. And in Washington, a building can include a rail car, that sort of thing. So that alone enough, plus it brings into the question of intent and whether intent was established, which it must be to meet the Federal definition of burglary. Okay. Thank you. Thank both counsel for their arguments. They're quite helpful. The case just argued will be submitted. We're going to take a brief recess. Call the courtroom.
judges: Farris, Hawkins, McKeown